[No. 2552.  Decided September 7, 1897.]

BELLINGHAM BAY IMPROVEMENT COMPANY, *Appellant*, v. CITY OF NEW WHATCOM, *Respondent*.

CONFIRMATION OF ASSESSMENT ROLL—APPEAL TO SUPERIOR COURT—
WHEN PREMATURE.

An appeal from the action of the city council to the superior court, authorized by Laws 1893, p. 230, §§ 8, 9, to be taken within ten days after the confirmation and approval of an assessment roll, is premature, when such confirmation and approval have not been made in conformity with a city ordinance requiring that the method of approving assessment rolls should be by the passage of ordinances to that effect.

Appeal from Superior Court, Whatcom County.—Hon. JOHN R. WINN, Judge.  Affirmed.

*Newman & Howard*, for appellant.

*T. E. Cade, D. W. Freeman*, and *Kerr & McCord*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is a proceeding originally instituted by the city of New Whatcom to re-assess certain property under the provisions of ch. XCV, Session Laws 1893. Appellant filed its objections to said proposed re-assessment, and appeared before the council in support thereof, and thereafter appealed to the superior court of Whatcom

county, Washington, from the alleged final order made by
the council of respondent city fixing and establishing the
amounts to be assessed against the property of appellant.
The superior court dismissed said appeal for the reason
that it was prematurely taken.

A very painstaking and learned brief has been filed by
the appellant, who strenuously argues that under the re-
assessment act and the laws in relation to appeals, the coun-
cil had approved and confirmed the re-assessment roll prior
to the appeal, and that therefore the appeal was not prema-
ture.   But, without especially answering all the arguments
presented, we think the order of the superior court must
be sustained.   Sec. 8 of the law providing for re-assessment
(Session Laws 1893, p. 230), under which this proceeding
is brought, is as follows:

"Any person who has filed objections to such new assess-
ment or re-assessment, as hereinbefore provided, shall have
the right to appeal to the superior court of this state and
county in which such city or town may be situated."

And section 9 provides that

" Such appeal shall be made by filing a written notice of
appeal with the clerk of such city or town within ten (10)
days after such new assessment or re-assessment roll shall
have been approved and confirmed by the council," etc.

So that the question for determination here is, was the
new assessment or re-assessment approved and confirmed
prior to the passage of ordinance No. 348, an ordinance
which was passed for the purpose of approving and con-
firming the assessment and proceedings thereunder.   And
it is conceded that this appeal was taken before the passage
of this ordinance.   The statute, then, clearly providing
when such an appeal may be taken, it must be conceded
that an appeal will not lie until the assessment roll has
been approved and confirmed by the city council.   Ordi-

nance No. 301 provides the method adopted by the city for making the re-assessments and provides how the re-assessment roll shall be approved and confirmed. Among other things it provides as follows:

"After equalizing said assessment roll as provided in section 7, of this ordinance, the city council shall pass and adopt its ordinances, approving and confirming the proceedings in making such assessment, or re-assessment, as corrected by them, and their decision and order shall be a final determination of the regularity, validity and correctness of said assessment or re-assessment to the amount thereof, levied on each block, lot or tract of land, in said assessment district. . . . "

This ordinance having provided in unmistakable terms that the re-assessment roll should be confirmed and approved by ordinance, and the re-assessment roll having been confirmed and approved by ordinance No. 348 in strict conformity with the provisions of ordinance No. 301, we see no escape from the conclusion that the assessment or re-assessment was not approved and confirmed until the passage of ordinance No. 348; provided, of course, the city council possessed the authority to pass an ordinance directing the manner in which its assessments should be approved and confirmed. And we think there can be no question that the law is well settled in that regard.

The judgment appealed from is affirmed.

SCOTT, C. J., and REAVIS, ANDERS and GORDON, JJ., concur.